UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA

Case No. 4:14-CR-00047-DGK

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

SUSAN E. PROPHET

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of     is reduced to    . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

        ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

This is Defendant's third motion for compassionate relief, and it largely repeats the arguments the Court previously rejected in denying her other requests. ECF No. 73. Like her previous requests, Defendant has again failed to establish any extraordinary and compelling reason that justifies relief. See 18 U.S.C. § 3582(c)(1)(A). Defendant argues that the COVID-19 pandemic along with her lung ailments present compelling and extraordinary reasons warranting release. This is not the case. The COVID-19 pandemic does not constitute an extraordinary and compelling reason for relief. United States v. Marcussen, 15 F.4th 855, 858 (8th Cir. 2021). And Defendant's lung problems coupled with the pandemic does not meet this standard either. Defendant has been seen for lung problems on several occasions in prison, but her medical records show that her ailments have not rendered her unable to care for herself and appears to be treated effectively with medication. See generally ECF No. 77-1. Moreover, since her last motion, Defendant has received both doses of the Moderna vaccine. In addition to the lack of compelling circumstances, the consideration of the factors under 18 U.S.C. § 3553(a) strongly

favors denying the motion. The Court's weighing of the factors is essentially the same as when it sentenced Defendant. Defendant pled guilty to bank fraud and aggravated identity theft for a sophisticated embezzlement scheme that she used to steal hundreds of thousands of dollars from several small businesses. Defendant had a category V criminal history, and she committed the offenses for which she is now imprisoned while on parole for other, similar offenses. While Defendant has taken classes in prison and purports to have a release plan, the remaining facts and factors support denial of the motion and suggest Defendant would continue to be a danger to the community if released. See 18 U.S.C. § 3553(a); see also 18 U.S.C. § 3142(g)(4).

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

January 20, 2022                             /s/ Greg Kays
                                    UNITED STATES DISTRICT JUDGE