UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SUSAN ELISE PROPHET, | ) |
| Movant, | ) |
| v. | ) Crim No. 4:14-cr-00047-DGK-1 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## CITATION OF ADDITIONAL RELEVANT AUTHORITY AND MOTION TO STAY

COMES Movant, SUSAN ELISE PROPHET ("Prophet"), appearing *pro se*, and respectfully submits her Citation of Additional Relevant Authority and Motion to Stay, and in support citation would show as follows:

### I. Preliminary Statement

As a preliminary matter, Prophet respectfully requests that the Court be mindful that "a *pro se* complaint should be given liberal construction, we mean that if the essence of an allegation is discernible ... then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." See *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015); *Estelle v. Gamble*, 429 U.S. 97 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519 (1972) (same).

## II. New U. S. Sentencing Commission

On April 5, 2023, the new bipartisan fully loaded U. S. Sentencing Commission voted unanimously in favor of ten of the eleven intricate guideline amendments that were promulgated. But arguably the most consequential of the amendments to the federal sentencing guidelines — namely the so-called compassionate release guideline, formally USSG § 1B1.13 - Reduction in Term of Imprisonment under 18 U.S.C § 3582(c)(1)(A) (policy statement). The new compassionate release guideline updates and expands the criteria for what can qualify as "extraordinary and compelling reasons" to grant compassionate release – the language in 18 U.S.C. § 3582(c)(1)(A) – and it will give judges both more discretion and more guidance to determine when a sentence reduction is warranted. The new categories that could make an inmate eligible for compassionate release include:

- if the prisoner is suffering from a medical condition that requires long-term or specialized medical care not being provided by the BOP and without which he or she is at risk of serious deterioration in health or death;

  - if the prisoner is housed at a prison affected or at imminent risk of being affected by (an ongoing outbreak of infectious disease or an ongoing public health emergency declared by the appropriate federal, state, or local authority, and due to personal health risk factors and custodial status, he or she is at increased risk of suffering "severe medical complications or death as a result of exposure" to the outbreak;

- if the prisoner's parent is incapacitated and the prisoner would be the only available caregiver;

- if the prisoner establishes that similar family circumstances exist involving any other immediate family member or someone whose relationship with the similar in kind to that of an immediate family member when the prisoner would be the only available caregiver;

- if the prisoner becomes the victim of sexual assault by a corrections officer; and

- if a prisoner received an unusually long sentence changes in the law (other than to the Guidelines) may be considered in determining whether an extraordinary and compelling reason exists, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed.

The amendments also provide that while rehabilitation is not, by itself, an extraordinary and compelling reason, it may be considered in combination with other circumstances.

Though there are lots of new and important elements to the new § 1B1.13, one particular issue that has generated a particularly interesting debate in the circuit courts (and before the Commission) is whether a district judge can rely on a "change in the law" to grant a 3582(c)(1)(A) sentencing reduction. This question has deeply divided the circuits. The Sixth Circuit a few months ago rendered a big divided en banc ruling in *United States v. McCall*, 20 F.4th 1108 (6th Cir. 2021), which held, as a matter of

statutory interpretation, "that non-retroactive changes in sentencing law cannot be 'extraordinary and compelling reasons' that warrant relief" pursuant to 3582(c)(1)(A). But now, the U. S. Sentencing Commission, which Congress in 28 U.S.C. § 994(t) expressly gave the responsibility to "describe what should be considered extraordinary and compelling reasons for sentence reduction," has expressly decided via its new amendments to § 1B1.13 that a "change in the law" legally can and sometimes should be the basis for a 3582(c)(1)(A) sentencing reduction.

In other words, the U. S. Sentencing Commission has decided, contra to the position of the Sixth Circuit and some other circuits, that a change in law can serve as an extraordinary and compelling reason for sentence reduction, though the Commission here limits such "unusually long sentence" and the law change "would produce a gross disparity" in sentencing outcomes.

### III. Conclusion

WHEREFORE, Prophet respectfully moves this Court to stay her § 2255 Motion until after these amendments will formally become guidelines law on November 1, 2023.

Respectfully submitted,

Dated: August 4, 2023

_____
SUSAN ELISE PROPHET
REG. NO. 26698-045
FCI WASECA
FEDERAL CORR. INSTITUTION
P.O. BOX 1731
WASECA, MN 56093
Appearing *Pro Se*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2021, a true and correct copy of the above and foregoing Citation of Additional New Authority and Motion to Stay was mailed via U. S. Mail, postage prepaid, to Kathleen D. Mahoney, at U.S. Attorney's Office - KCMO, 400 E 9th Street, Suite 5510, Kansas City, MO 64106..

_____
SUSAN ELISE PROPHET